UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | | |
|---|---|---|
| RANDY RAY MAULDING, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 19-296-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Randy Ray Maulding is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Maulding filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Maulding's petition.

In 2007, a federal jury convicted Maulding of separate counts of possession, receipt, and distribution of child pornography, all in violation of 18 U.S.C. § 2252A. *See United States v. Maulding*, No. 2:07-cr-20063 at R. 36 (C.D. Ill. 2007). The United States District Court for the Central District of Illinois then sentenced Maulding to 240 months in prison and ordered that he serve the rest of his life on supervised release. *See id.* at R. 79. Maulding filed a direct appeal, but the United States Court of Appeals for

the Seventh Circuit affirmed the trial court's judgment. *See id.* at 91.

Maulding has now filed a § 2241 petition with this Court. [R. 1]. Maulding claims his submission "is based on unconstitutional issues in re of new decided law & actual innocence" [*id.* at 3], and he puts forth several arguments in support of his request for relief. First, Maulding says, "To be convicted and sentenced of possession and receiving is unconstitutional double jeopardy." [*Id.* at 5]. Second, Maulding suggests he is actually innocent of the distribution charge because the Government's expert testimony at trial demonstrated that he did not, in fact, have the requisite mens rea to be convicted of the crime. [*See id.*]. Third, Maulding claims that the trial court ran afoul of his constitutional rights when it ordered him to serve the rest of his life on supervised release. [*See id.* at 7]. Ultimately, Maulding asks the Court to "throw out the charges of receiving and distribution, the lifetime supervision, and remand for resentencing on the charge of possession." [*Id.* at 8].

Maulding's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying convictions and sentence. While a federal prisoner may challenge the legality of his convictions and sentence on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)

(explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Maulding cannot use a § 2241 petition as a way of challenging his underlying convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Maulding has not made such a showing. In fact, Maulding has not clearly identified *any* intervening change in statutory law, let alone a change that establishes his actual innocence or shows that his sentence was somehow erroneously enhanced. Instead, it appears that Maulding is trying to litigate claims that are only appropriate on direct appeal and in a § 2255 motion. That is simply not proper in a § 2241 petition.

Accordingly, it is **ORDERED** that:

1. Maulding's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 11th day of September, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge